IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MALACHI DEAN STOPS, | CV 17-00052-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| CORE CIVIC SERVICES– CROSSROADS CORRECTIONAL CENTER (SHELBY, MT); CCC–WARDEN DOUGLAS FENDER; CCC–CORRECTIONAL OFFICER BAMKE, in their individual and official capacities, | |
| Defendants. | |

Plaintiff Malachi Stops, a prisoner proceeding without counsel, filed a complaint pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated when a correctional officer slapped him in the upper shoulder/chest area with his hand.  (Doc. 2.)  The Court screened the Complaint pursuant to 28 U.S.C. §§ 1915, 1915A and determined that it failed to state a federal claim upon which relief may be granted.  Mr. Stops filed an Amended Complaint (Doc. 6) but he failed to correct the deficiencies with his original Complaint.  Therefore, this matter should be dismissed.

1

## I. ALLEGATIONS

Mr. Stops makes the same allegations in his Amended Complaint as those raised in his original complaint. That is, on January 9, 2017 while incarcerated at Crossroads Correctional Center, he was attempting to lower the volume on a metal detector when Officer Bamke approached him in a threatening manner and struck his upper right shoulder/chest area with his hand. Officer Bamke then told him to not touch it again. Officer Bamke continued to stand in front of Mr. Stops for an additional five seconds glaring at him with an intimidating menaced expression. (Amended Complaint, Doc. 6 at 5.)

## II. SCREENING

Mr. Stops is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Since Mr. Stops did not raise any additional facts in his Amended Complaint, he has still failed to state a constitutional claim for relief. When a prison guard is accused of using excessive force in violation of the Eighth

2

Amendment, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7, 9–10 (1992).  In analyzing an Eighth Amendment excessive force claim, courts consider the following factors:  (1) the need for application of force; (2) the relationship between the need and the amount of force used; (3) the extent of the injury inflicted; (4) the threat "reasonably perceived by the responsible officials"; and (5) "any efforts made to temper the severity of a forceful response." *Id*.

There is no indication that Mr. Stops was authorized to turn down the volume on the metal detector and therefore he may have been acting in violation of prison rules.  Thus, it is plausible that there may have been a reasonable justification for the use of force and the minimal use of force may have been a good-faith effort to maintain discipline.

Although Mr. Stops indicates he suffered physical pain he does not describe this pain. *Wilkins v. Gaddy*, 559 U.S. 34 130 S.Ct. 1175 (2010); *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir.2000) (the attack need not result in permanent injury).  A de minimis use of force does not violate the Constitution, but the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury

3

is evident.  *Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010)(*citing Hudson*, 503 U.S. at 9–10) (quotation marks omitted); *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).  "An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim."  *Wilkins*, 559 U.S. at 38 (internal citations and quotations omitted).  Here Mr. Stops has alleged nothing more than a slap and there is no allegation that it caused any serious injury.  He states he suffered physical pain but does not indicate the severity of the pain or how long it lasted.

A de minimis use of force does not violate the Eighth Amendment unless it is of a sort repugnant to the conscience.  *Hudson*, 503 U.S. at 7.  The Court continues to rely on the cases cited in its prior Order finding that the type of force allegedly used by Officer Bamke (i.e., a single slap) constitutes a "de minimis" use of force under *Hudson* and does not give rise to a constitutional violation.  *See, e.g., Riley v. Dorton*, 115 F.3d 1159, 1168 n. 4 (4th Cir.1997) ("angry slap" of pretrial detainee by police officer "falls squarely within the de minimis category"); *Hill v. Vannatta*, 123 F. App 723, 724 (7th Cir. 2005) (district court found that a slap causing redness and swelling was de minimis and insufficient to state an Eighth Amendment claim); *Valentine v. Thomas*, 119 F. App, 634 635 (5th Cir. 2004) (guard pushing an inmate into a file cabinet that resulted in a bruise was de

4

minimis); *Siglar v. Hightower*, 112 F.3d 191, 194 (5th Cir. 1997) (officer twisting an inmate's ear, causing soreness and bruising, was de minimis and insufficient to provide a basis for a civil rights lawsuit); *Norman v. Taylor*, 25 F.3d 1259, 1264 (4th Cir. 1994) (keys swung at an inmate's face striking his thumb was not repugnant to the conscience of mankind);

Mr. Stops allegations, accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that [Mr. Stops] is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)(*citing* Fed.R.Civ.P. 8(a)(2)).

## III.  CONCLUSION

The Court has considered whether Mr. Stops's Amended Complaint is frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).  Mr. Stops's allegations fail to state a plausible claim upon which relief may be granted.

Although Mr. Stops need not set forth detailed factual allegations, the Court previously advised him that he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2009)).  A pleading that merely alleges "naked assertion[s] devoid

5

of further factual enhancement" is insufficient. *Iqbal*, 556 U.S. at 678 (alteration in original, internal quotation marks omitted).  Further, as the Supreme Court has made clear, if a "complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).  The Court in its prior Order clearly explained the defects in Mr. Stops's claims.  Mr. Stops was given an opportunity to provide additional factual allegations regarding his allegations of excessive force and he did not provide any additional facts.

Given his attempt at amendment, it is now clear that Mr. Stops is unable to cure the deficiencies of his federal civil rights claims by amendment and that granting him further leave to amend would be futile.  The Court therefore recommends that the case be dismissed without further leave to amend and with prejudice for failure to state a claim.  *See, e.g., Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1116 (9th Cir. 2014) (explaining that a "district court's discretion in denying amendment is particularly broad when it has previously given leave to amend"); *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1.  This matter should be DISMISSED for failure to state a federal claim.

2.  The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.  The record makes plain the Complaint lacks arguable substance in law or fact.

4.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Stops failed to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Stops may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . .

timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 22nd  day of January, 2018.


*/s/ John Johnston*
John Johnston
United States Magistrate Judge

---

. 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Stops is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.